# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**JEFFREY LEE MOURNING,**

*Plaintiff*,

**v.**

**JOHN BROWN,** *et al*.,

*Defendants*.

Civil Action No. 23-0996 (UNA)

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(i), which permits dismissal of a prisoner's complaint if it is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This complaint alleges that defendants are agents of the Chinese government working against the interests of the United States who, among other wrongful acts, caused devices to be implanted into plaintiff's body through which they conduct video and audio surveillance. Because the complaint's factual allegations are incoherent, irrational or wholly incredible, the complaint

1

subject to dismissal as frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]").  And the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality").

A separate order will issue.


DATE: June 1, 2023

BERYL A. HOWELL
United States District Judge


2